# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48589-3-II |
| Respondent, | |
| v. | |
| DWAYNE PATRICK COWART, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Dwayne Patrick Cowart appeals his conviction for second degree felony murder predicated on second degree assault of a child—domestic violence with two aggravating circumstances. Cowart argues that the trial court violated his constitutional right to a fair and impartial jury when it failed to excuse juror 18 for cause. We affirm.

FACTS

A.      THE INCIDENT

B.C.,[1] the daughter of Dwayne and Mary Cowart,[2] was born in January 2014. On March 24, Mary picked up B.C. from the babysitter, brought her home to be with Cowart, and went back to work.

---

[1] We use the minor's initials to maintain privacy.

[2] Because Dwayne and Mary Cowart share the same last name, we use Dwayne's last name and Mary's first name for clarity. We intend no disrespect.

Later that afternoon, Mary received a call from Cowart telling her that B.C. was not breathing and that he had called an ambulance. B.C. was transported to the hospital where she was placed on life support. Doctors said that B.C. had suffered extensive brain damage, would never be able to walk or talk, and would require permanent life support. After consultation with the doctors and several weeks of meetings, Mary decided to discontinue B.C.'s life support. B.C. passed away on April 16.

B.    THE CHARGES

On March 26, the Pierce County Prosecutor Attorney's Office charged Cowart with first degree child assault—domestic violence with two aggravating circumstances: (1) that Cowart used his position of trust, confidence, or fiduciary duty to facilitate the commission of the crime and (2) that Cowart knew or should have known that B.C. was particularly vulnerable or incapable of resistance. After B.C. died, the charges were amended to second degree felony murder predicated on first or second degree child assault—domestic violence, with the same aggravating circumstances.

C.    INDIVIDUAL QUESTIONING OF JUROR 18

On November 17, 2015, a jury venire was assembled. The parties agreed to individually examine certain jurors, including juror 18.

During the individual questioning of juror 18, the trial court asked juror 18 whether she could "keep an open mind and listen to all the evidence in this case and be a fair and impartial juror," and she responded, "I don't know honestly." 4 Verbatim Report of Proceedings (VRP) at 233. However, juror 18 stated that she understood that a defendant is presumed innocent and that the State had the burden to prove the facts and elements of the crime in order to find guilt. Juror

2

18 also stated that she could "certainly try" to "keep an open mind and listen to all the evidence in the case" and determine "whether the state [had] met its burden of proof beyond a reasonable doubt" but that "[i]t's just very hard." 4 VRP at 234-35.

The State then asked juror 18 if, in light of her opinions on child abuse, she "could, as a juror, hear the evidence that's presented to [her] in court and decide whether or not the state has met its burden in proving that the defendant committed the crime?" 4 VRP at 236. Juror 18 responded:

> I think I might have heard about this on the news, because I watch the news all the time, but I'm not sure. I don't remember names or anything like that, circumstances, but I just—I don't know in my heart. I just feel like if this man was in charge of that child, and this child died, there has to be something there.

4 VRP at 236. Juror 18 also said that she heard about a case on the news with similar facts but that it was not recent. The State then asked juror 18 whether she had already made up her mind on the defendant's guilt, and she responded, "No" because "I don't know what happened." 4 VRP at 237-38. The State also asked juror 18 if she would make her decision based on her emotions instead of the evidence and she said, "I would hope not." 4 VRP at 238.

Defense counsel then tried to summarize juror 18's answers as a hesitation about her ability to follow the law considering the nature of the crime, worry about finding the defendant guilty due to the nature of the crime, and concern about her ability to be a fair juror in a case of this nature. Juror 18 said that she thought defense counsel's statements fairly stated her concerns.

The State followed up with juror 18 and asked, "Would you be able to follow the law if the judge told you that this is the law that you must apply to this case?" 4 VRP at 241. Juror 18 answered that she "would hope so." 4 VRP at 241. And in response to the State's question about disregarding the law, juror 18 said, "I'm not sure I would make a deliberate choice not to follow the law. . . . I can't imagine doing that. It's just a very emotional thing." 4 VRP at 241. Juror 18 also said that she would listen to everything instead of finding the defendant guilty just because he was charged with the crimes.

After individual questioning was completed, defense counsel challenged juror 18 for cause. The trial court denied the challenge because juror 18 indicated that "she's a person that will follow the law and do her best if she is chosen on this particular case, understanding the difficulties involved." 4 VRP at 243.

D. GENERAL VOIR DIRE

On November 18, the parties conducted general voir dire questioning. The State asked the venire whether anyone thought that "because of moral reasons, religious reasons, any reason whatsoever [they] may have difficulty following the law that's given" by the judge? 5 VRP at 380. No one raised their number.

Defense counsel asked who thought that, while no one wanted to hear about these types of situations, it would be their "civic duty to sit as jurors, listen to the evidence, judge the case based on the evidence and not based on personal strong feelings about children and child abuse," biases, and prejudices? Defense counsel acknowledged that every potential juror in the venire agreed. Defense counsel then asked who would not be able to perform that duty. Juror 18 did not raise her

4

number. Defense counsel later asked juror 18 about her thoughts on the need to hear the evidence to see if the State can meet its burden. Juror 18 said:

> I agree a mother can be just as capable of abuse as a father, and we don't know the circumstances until we hear it all. So we need to have open minds. It's just it's hard in a case like this.
>
> . . . .
>
> But we always owe it to the defendant to have an open mind and listen, to weigh the evidence.

5 VRP at 400-01.

Once general voir dire was completed, defense counsel challenged several jurors for cause but not juror 18. The trial court dismissed two of the four potential jurors challenged by the defense. The parties then exercised their peremptory challenges. The defense exercised six of its eight peremptory challenges but not on juror 18. The jury was then seated and sworn.

E.      VERDICT

On December 17, after an almost three week trial, and after deliberating for over a full day, the jury found Cowart guilty of second degree felony murder predicated on second degree assault of a child and found that the aggravating circumstances existed. 17 VRP at 2169, 2172; 18 VRP at 2175-81. Cowart appeals.

ANALYSIS

A.      LEGAL PRINCIPLES

Under the Sixth Amendment of the U.S. Constitution and article I, section 22 of the Washington State Constitution, a defendant is guaranteed the right to a fair and impartial jury.

*State v. Fire*, 145 Wn.2d 152, 167, 34 P.3d 1218 (2001). The trial judge has an obligation to protect such a right. *State v. Slert*, 186 Wn.2d 869, 877, 383 P.3d 466 (2016).

A trial court must excuse "any juror, who in the opinion of the judge, has manifested unfitness as a juror," including by reason of bias or prejudice. RCW 2.36.110. Accordingly, the trial court shall excuse any juror who has an actual or implied bias. *Slert*, 186 Wn.2d at 877; CrR 6.4(c)(1). Actual bias is "the existence of a state of mind on the part of the juror in reference to the action, or to either party, which satisfies the court that the challenged person cannot try the issue impartially and without prejudice to the substantial rights of the party challenging." RCW 4.44.170(2); *State v. Irby*, 187 Wn. App. 183, 193, 347 P.3d 1103 (2015), *review denied*, 184 Wn.2d 1036 (2016). "The presence of a biased juror cannot be harmless; the error requires a new trial without a showing of prejudice." *Id.*

But a trial court need not excuse a juror with preconceived ideas if the juror can set those ideas aside and decide the case on the evidence presented at the trial and the law as provided by the court. RCW 4.44.190; *State v. Rupe*, 108 Wn.2d 734, 748, 743 P.2d 210 (1987), *cert. denied,* 486 U.S. 1061 (1988). "'[T]he trial court is in the best position to determine a juror's ability to be fair and impartial.'" *State v. Sullivan*, 196 Wn. App. 277, 288, 383 P.3d 574 (2016), *review denied*, 187 Wn.2d 1023 (2017) (quoting *State v. Noltie*, 116 Wn.2d 831, 839, 809 P.2d 190 (1991)). To excuse a juror based on actual bias, "'the court must be satisfied, from all the circumstances, that the juror cannot disregard such opinion and try the issue impartially.'" *Id.* (quoting RCW 4.44.190).

We review a trial court's decision on whether to excuse a juror for a manifest abuse of discretion. *State v. Perez*, 166 Wn. App. 55, 67, 269 P.3d 372 (2012). Deference is given to the

trial court because of its ability "'to observe the juror's demeanor [during voir dire] and, in light of that observation, to interpret and evaluate the juror's answers to determine whether the juror would be fair and impartial.'" *State v. Davis*, 175 Wn.2d 287, 312, 290 P.3d 43 (2012) (quoting *State v. Gentry*, 125 Wn.2d 570, 634, 888 P.2d 1105 (1995)), *cert. denied*, 134 S. Ct. 62 (2013). A defendant must prove actual bias to successfully challenge a trial court's decision on appeal. *State v. Grenning*, 142 Wn. App. 518, 540, 174 P.3d 706 (2008), *aff'd*, 169 Wn.2d 47 (2010).

B.    FAILURE TO EXCUSE JUROR 18

Cowart argues that the trial court erred when it failed to excuse juror 18 for cause, and thus, violated his constitutional right to a fair and impartial jury. We disagree.

During individual questioning, juror 18 stated that she could "certainly try" to "keep an open mind and listen to all the evidence in the case" and determine "whether the state [had] met its burden of proof beyond a reasonable doubt" but that "[i]t's just very hard." 4 VRP at 234-35. Juror 18 also stated that she may have heard about the case on the news and that if "this man was in charge of that child, and this child died, there has to be something there." 4 VRP at 236. While this may show that juror 18 had a predisposition due to the nature of the case and charges, a trial court does not need to excuse a juror with preconceived ideas if the juror can set those ideas aside and decide the case on the evidence presented and law provided.

Here, Cowart argues that juror 18's statements expressed a predisposition against persons charged with child abuse and met the definition of actual bias. However, juror 18 stated that she understood the presumption of innocence, had not made up her mind yet on guilt, would not deliberately disregard the law, and would listen to everything instead of finding the defendant guilty just because he was charged with the crimes. Also, during general voir dire, juror 18 did

not raise her number when the State asked who could not "listen to the evidence, judge the case based on the evidence and not based on personal strong feelings about children and child abuse," biases, and prejudices. 5 VRP at 392. In fact, to the contrary, juror 18 stated that while it was hard to do, the jurors "always owe it to the defendant to have an open mind and listen, to weigh the evidence." 5 VRP at 400-01. Such statements showed that juror 18, while acknowledging it was difficult to keep an open mind in a case of this nature, would be able to be a fair and impartial juror. Cowart fails to show that juror 18 possessed an actual bias that precluded her from setting aside her preconceived ideas and decide the case on the evidence and law.

Also, based on juror 18's responses during jury voir dire, the trial court found that juror 18 is "a person that will follow the law and do her best if she is chosen on this particular case."[3] 4 VRP at 243. Deference is given to the trial court's determination. Accordingly, we hold that the trial court did not abuse its discretion.

## APPELLATE COSTS

Cowart requests that if his arguments on appeal are rejected, we deny the State's request for appellate costs. We defer the determination of appellate costs to a commissioner of this court for consideration under RAP 14.2, if the State files a cost bill and Cowart objects.

---

[3] We also note that Cowart exercised some of his peremptory challenges on other jurors he had challenged for cause but was denied. Cowart exercised only six of his eight peremptory challenges and did not exercise any of the peremptory challenges on juror 18. Thus, the defense also appears to have concluded that juror 18 did not possess bias.

No. 48589-3-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, A.C.J.

_____
Sutton, J.